**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANJUM ZAFAR MIAN,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-020-O** |
| | § | **(NO. 4:23-CR-060-O)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Anjum Zafar Mian under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I. BACKGROUND

On March 8, 2023, Movant was named in a fourteen-count indictment charging him in Counts One and Two with sex trafficking through force, fraud and coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1), in Counts Three, Four, and Five with sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c), in Counts Six, Seven, and Eight with conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c), in Counts Nine and Ten with sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e), in Count Eleven with transporting a minor across state lines for prostitution, in violation of 18 U.S.C. § 2423(a), in Count Twelve with conspiracy to commit sex trafficking through force, fraud and coercion, in violation of 18 U.S.C. § 1594(c), in Count Thirteen with attempted sex trafficking through force, fraud and coercion, in violation of 18 U.S.C. § 1594(a), and in Count Fourteen with

interstate transportation for prostitution, in violation of 18 U.S.C. § 2421(a). CR ECF No.[1] 22. On April 12, 2023, Movant was named in a fifteen-count superseding indictment including the same counts as originally alleged plus Count Fifteen, sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c). CR ECF No. 36. Movant entered a plea of not guilty. CR ECF No. 48. He was tried by a jury and found guilty on all counts. CR ECF No. 83.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's total offense level was 43. CR ECF No. 107-1, ¶ 112. Based on his total offense level and criminal history category of III, Movant's guideline imprisonment range was life as to Counts 1–8, 11–13, and 15; 360 months as to Counts 9 & 10; and 120 months as to Count 14. *Id.* ¶ 172. He was pending prosecution in a significant number of related cases and two unrelated cases. *Id.* ¶¶ 173, 174. Both the government and Movant filed objections to the PSR. CR ECF Nos. 123, 126. The probation officer prepared an addendum to the PSR. CR ECF No. 132-1.

The Court sentenced Movant to terms of imprisonment of life as to Counts One through Eight, Eleven through Thirteen, and Fifteen; 360 months as to Counts Nine and Ten; 120 months as to Count Fourteen; all to run concurrently for a total term of life. CR ECF No. 141. Movant appealed. CR ECF No. 145. On October 17, 2024, the United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Mian*, No. 23-11085, 2024 WL 4512341 (5th Cir. Oct. 17, 2024). He did not file a petition for writ of certiorari. Thus, his conviction became final January 15, 2025. *Clay v. United States*, 537 U.S. 522, 527 (2003).

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-CR-060-O.

## II. GROUNDS OF THE MOTION

Movant did not date his original motion under Section 2255, which was received for filing on January 8, 2026. ECF No.[2] 1. His brief was not dated or signed. ECF No. 2. The Court granted Movant leave to file an amended motion, but cautioned that by granting leave the Court was not ruling on the timeliness of any grounds not raised in the original motion. ECF No. 8. On March 20, 2026, Movant filed his amended motion. ECF No. 10. He also submitted an unsigned brief in support. ECF No. 11.

Movant's original motion purports to set forth four grounds, although in the space provided for each ground, he simply notes "See attach." ECF No. 1 at 4, 5, 7, 8. His brief includes headings for "Issue One" through "Issue Seven" and "Issue Nine." (It appears that "Issue Eight" is discussed at 36–37 although it does not bear that heading.) ECF No. 2. In his amended motion, Movant raises fourteen issues. ECF No. 10. All of Movant's issues concern alleged ineffective assistance of counsel.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v.*

*Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**C. Limitations**

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The movant bears the burden to show that equitable

tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Whether Petitioner is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The failure to satisfy the statute of limitations must result from factors beyond the movant's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the movant is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682; *Alexander*, 294 F.3d at 629. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

## IV. ANALYSIS

For the reasons discussed in the government's very thorough response to the amended motion, ECF No. 19 at 3–17, which need not be repeated here, Movant cannot prevail on any of his first nine grounds. The rest of the grounds, 10–14, were raised for the first time in the amended motion. *Compare* ECF No. 2 *and* ECF No. 11. They may not be considered unless they relate back to the original timely motion. *Mayle v. Felix*, 545 U.S. 644, 650, 664 (2005). An amended motion does not relate back if it asserts new grounds supported by facts that differ in time and type from those set forth in the original pleading. *Id.*, 545 U.S. at 650. In particular, new claims of ineffective

assistance of counsel do not automatically relate back to prior ineffective assistance claims. *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009). The Court must examine the claims for commonalities between the facts underlying the claims. *United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021). If the new claims are based upon the same or similar allegations, they relate back; otherwise, they do not. *Id.*

In Issue Ten, Movant alleges that counsel failed to object to images alleged to be JV-2 in advertisements outside the scope of the indictment. ECF No. 10 at 14. In Issue Eleven, he alleges the failure of counsel to object to the unconstitutional application of 18 U.S.C. § 1591 to him, i.e., the requisite commerce nexus. *Id.* at 15. In Issue Twelve, he alleges that counsel failed to object to any inflammatory remarks regarding uncharged sexual assault and rape. *Id.* at 16. In Issue Thirteen, he alleges that counsel failed to object to intentional and repeated prosecutorial misconduct of eliciting hearsay to implicate Movant in a conspiracy, arguing that his coconspirators were required to testify. *Id.* at 17. In Issue Fourteen, he alleges that counsel failed to object to the eliciting of misleading evidence from the expert witness. *Id.* at 18. None of these grounds relates back to a ground in the timely filed motion. Movant apparently recognizes this to be the case as he does not address any of the new issues in his reply. ECF Nos. 22, 23. Even if any of them did relate back, for the reasons discussed by the government, ECF No. 19 at 19–22, Movant could not prevail in any event.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of

appealability is **DENIED**.

**SO ORDERED** on this **20th** day of **August, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**